Filed: 5/15/2023 3:52 PM
Michael Gould
District Clerk
Collin County, Texas
By Amy Mathis Deputy
Envelope ID: 75650834

471-02469-2023

CAUSE NO. _____

| | | |
|---|---|---|
| JOHN and JANA POOL, and ALLSTATE VEHICLE AND PROPERTY INSURANCE, as subrogee of JOHN and JANA POOL, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | COLLIN COUNTY, TEXAS |
| WEYERHAEUSER COMPANY, | § § § § § | |
| Defendant. | § | ___ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE COURT:

COME NOW, JOHN and JANA POOL, and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, as subrogee of JOHN and JANA POOL ("Plaintiffs"), complaining of Defendant, WEYERHAEUSER COMPANY ("WC"), and for its causes of action would respectfully show the Court as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiffs request that the Court enter a Level 3 Discovery Control Plan pursuant to Texas Rules of Civil Procedure 190.4.

### THE PARTIES

2. Plaintiffs JOHN and JANA POOL (the "POOLS") are individuals residing in the State of Texas, and at all times material hereto owned the home located at 1625 Sara CV, Lucas, Texas (the "Home").

3. Plaintiff ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY ("ALLSTATE") is a foreign insurance carrier with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062, and is authorized to conduct business and issue property and

homeowner's insurance in the State of Texas. At all times material hereto, ALLSTATE issued and had in full force and effect a policy of insurance covering the home and personal property owned by the POOLS.

4. Defendant WEYERHAEUSER COMPANY is a foreign corporation duly formed and existing under the laws of the State of Washington. Its principal place of business is Tax Dept, 220 Occidental Ave. S, Seattle, Washington. WC does business in the State of Texas. WC may be served with process by serving its registered agent on file with the Texas Secretary of State:

> **CSC LAWYERS INC. SERVICE CO.**
> 211 E. 7th St., Suite 620
> Austin, Texas 98701-3136

**Service is requested at this time.**

## JURISDICTION AND VENUE

5. As alleged more fully below, all or a substantial part of the events giving rise to this lawsuit occurred in Collin County, Texas. Accordingly, venue is proper in Collin County, Texas under TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

6. This case arises out of a fire loss caused by a failure in the radiant barrier system manufactured and/or distributed by WC. This fire caused significant damage to the POOLS' home and property. As alleged below, WC defectively designed and/or manufactured the subject radiant barrier system ("RBS") that was the proximate cause of the damage to the POOLS' home and property.

7. As a proximate result of the fire caused by Defendant, the POOLS incurred damages in excess of the minimum jurisdictional limits of this Court. ALLSTATE paid the Pools $990,772.17 for those damages under the Policy. The POOLS sustained an additional uninsured loss of $122,782.93.

8.	Plaintiffs are seeking monetary relief over $1,000,000.  Therefore, this Court has jurisdiction over the controversy, and the damages are within the Court's jurisdictional limits.

9.	The Court has jurisdiction over Defendant WC because it has purposefully availed itself of the privileges and benefits of conducting business in the State of Texas by repeatedly distributing its products in the State of Texas.

## FACTS

10.	Defendant WC is in the business of, among other things, designing, manufacturing, assembling, selling and otherwise distributing RBS, a radiant barrier roofing system for homes.  The radiant barrier system consists, in short, of a thin piece of heat-reflecting aluminum foil laminated to one side of the RBS and used for roof decking. The decking pieces are then connected to each other with metal clips.  The idea is that the aluminum will reflect the heat from the outside world and keep the attic cooler in the summer and reflect the heat inside the house in the winter to keep the home warmer.  In areas of the country, like Texas, that are susceptible to lightning strikes, radiant barrier also poses a severe danger of causing a fire.

11.	In or around 2016, the RBS radiant barrier was designed, manufactured, assembled, sold and otherwise distributed by Defendant WC and installed in the POOLS' Home.

12.	On or about May 16, 2021, the WC RBS failed catastrophically, igniting a fire in the attic of the POOLS' Home during a lightning storm, which caused substantial property damage to the POOLS' Home and its contents.

13.	Pursuant to the terms of its insurance policy with the POOLS, Allstate paid for the property damages caused by the fire.  Having made payments to, or on behalf of, its insureds, Allstate is contractually and/or equitably subrogated to the POOLS rights and causes of action and has joined this lawsuit asserting its subrogation rights and causes of action.

14. At all times material hereto, Defendant WC was engaged in the business of designing, manufacturing, assembling, distributing, selling or otherwise placing into the stream of commerce RBS like the RBS in question. Defendant WC manufactured the RBS that caused the fire that destroyed the POOLS' Home and possessions.

15. As a direct and proximate result of the acts and omissions of Defendant, the POOLS suffered extensive damages to their Home and personal property.

## CAUSES OF ACTION

### *(STRICT LIABILITY)*

16. Plaintiff repleads, restates, and realleges the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

17. WC designed, fabricated, manufactured, produced, sold, assembled, supplied, distributed and/or placed into the stream of commerce the RBS, which was intended to be installed into residences such as the POOLS' Home.

18. The RBS was unreasonably dangerous for and failed to meet its intended use by reason of defects that existed at the time Defendant placed it into the stream of commerce.

19. Defendant failed to provide proper warnings and installation instructions with the RBS.

20. The RBS was being used in a manner for which it was designed, manufactured, sold, assembled, supplied and/or distributed and in a manner that was reasonably foreseeable by Defendant.

21. The RBS remained unmodified and unaltered from the date of its manufacture, distribution and sale by Defendant up to the time it failed.

22. The fire would not have occurred if the RBS had been properly designed and/or manufactured by WC.

23.     The RBS was defectively designed at the time it left the possession of WC, and such defect was a producing cause of the fire and Plaintiffs' damages.  The design defect consisted of one or more of the following problems:

    a.     once lightning current is induced onto the radiant barrier, the entire roof and all metallic components tied into the roof become energized; and

    b.     as installed, the thin strip of aluminum foil used in radiant barrier sheathing, has a relatively high resistivity propensity, meaning once energized by current (lightning or household current), radiant barrier heats up quickly and produces enough heat to ignite the paper backing, glue, OSB and/or the aluminum itself, providing both the ignition source and the fuel for a fire, that may spread to other nearby building materials.

24.     There was a safer alternative design for the RBS.  In reasonable probability, this safer alternative design would have prevented or significantly reduced the risk of the fire and Plaintiffs' damages without substantially impairing the product's utility.  Moreover, this safer alternative design was economically and technologically feasible at the time the product left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

25.     This design defect rendered the radiant barrier unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved in its use.

26.     In its sale and distribution of the RBS, Defendant did not give adequate warnings of radiant barrier's fire dangers, which were known to Defendant, or by the application of reasonably developed human skill and foresight should have been known to Defendant, and/or Defendant failed to give adequate instructions to avoid such dangers, which failure rendered the

RBS unreasonably dangerous as marketed. As such, Defendant's marketing, sale, and distribution of the radiant barrier was defective, which rendered it unreasonably dangerous when put to a reasonably anticipated use.

27. Because of the defective condition of the RBS, Defendant is liable for the damages caused pursuant to Chapter 82 of the Texas Civil Practice and Remedies Code.

28. As a direct and proximate result of the defective condition of the RBS, it failed and caused a fire and to the Home, resulting in damages to Plaintiffs in the amount of $1,113,555.10.

29. Each of the above-referenced acts and omissions, singularly or in combination with others, constituted a breach of Defendant's duties to manufacture and/or distribute a product that is reasonably safe for its intended uses and proximately caused the damages suffered by Plaintiffs, which are in excess of the minimum jurisdictional limits of this Court.

### ( NEGLIGENCE )

30. Plaintiff repleads, restates, and realleges the previous paragraphs above as if set forth fully herein, and would further show the Court as follows:

31. WC owed a duty to use due care in manufacturing, assembling, distributing, and selling its products. WC breached its duties of care and was negligent in the following acts and omissions:

> a. Failing to manufacture and/or design the RBS in a safe manner and that did not have a defect;
>
> b. Selling and/or distributing a defective RBS that subjected the POOLS' Home to an unreasonable risk of harm;
>
> c. Failing to warn of the defective condition of the RBS that Defendant knew or should have known created an unreasonable risk of harm to the POOLS' Home;
>
> d. Failing to act as a reasonably prudent manufacturer would have under the same or similar circumstances; and

      e.      Otherwise failing to use due care under the circumstances.

32. Each of the above-referenced acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the damages suffered by Plaintiffs that are in excess of the minimum jurisdictional limits of this Court.

## DAMAGES

33. As a direct, proximate, and consequential result of the Defendant's negligence and/or conduct as described herein, Plaintiffs' damages total of $1,113,555.10, plus pre and post-judgment interest.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and to answer herein and that upon final hearing, the Court enter judgment in favor of Plaintiffs and against the Defendant, which is far in excess of the minimum jurisdictional limits of this Court, for compensatory and/or economic damages, including, but not limited to, damages for real and personal property and additional living expenses, costs of court, and pre- and post-judgment interest at the highest rate allowed by law, and for such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

*/s/ William D. Mahoney*

_____
William D. Mahoney
Texas Bar No: 00796982
**BOTELER, MAHONEY & GRAY, LLP**
4201 Wingren Drive, Suite 208
Irving, Texas 75062
Telephone: 972-719-9191
Facsimile: 206-666-6447
wmahoney@bmg-law.com
**ATTORNEY FOR PLAINTIFFS**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

William Mahoney on behalf of William Mahoney
Bar No. 00796982
wmahoney@bmg-law.com
Envelope ID: 75650834
Filing Code Description: Plaintiff's Original Petition (OCA)
Filing Description:
Status as of 5/16/2023 10:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| William D.Mahoney | | wmahoney@bmg-law.com | 5/15/2023 3:52:16 PM | SENT |



DISTRICT CLERK
PO BOX 578
MCKINNEY, TX 75070-8139



9214 8901 0661 5400 0186 0290 75

**RETURN RECEIPT (ELECTRONIC)**

471-02469-2023

REGISTERED AGENT: CSC LAWYERS INC. SERVICE CO.
WEYERHAEUSER COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

CITATION BY MAILING
THE STATE OF TEXAS
471-02469-2023

John and Jana Pool, and Allstate Vehicle and Property　　　　　　　　　　　　　471st District Court
Insurance, as subrogee of John and Jana Pool, Plaintiffs
vs. Weyerhaeuser Company, Defendants

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO: Weyerhaeuser Company
By Serving Its Registered Agent: CSC Lawyers Inc Service Co.
211 E 7th Street, Suite 620
Austin TX  78701-3136, Defendant

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the 471st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by William D Mahoney  Boteler Mahoney & Gray LLP  4201 Wingren Drive  Suite 208  Irving TX 75062 (Attorney for Plaintiff or Plaintiffs), on the 15th day of May, 2023.

　　　　Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 17th day of May, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　ATTEST: Michael Gould, District Clerk
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Collin County, Texas
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Collin County Courthouse
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　2100 Bloomdale Road
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　McKinney, Texas 75071
　　　　　　　　　　　　　　　　　　　　　　　972-548-4320, Metro 972-424-1460, ext. 4320

　　　　　　　　　　　　　　　　　　　　　　　By: _____, Deputy
　　　　　　　　　　　　　　　　　　　　　　　　　　　Kathy Richardson

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.